UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODGER HOLLAND, | ) |
| | ) |
| Petitioner, | ) |
| | )  CAUSE NO. 3:06-CV-471 JM |
| vs. | ) |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Respondent. | ) |

<u>OPINION AND ORDER</u>

Rodger Holland, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 118 day loss of good time as a result of a guilty finding in case WCC 06-04-0372 on April 19, 2006 by the Conduct Adjustment Board ("CAB") at the Westville Correctional Facility. Mr. Holland was charged with and found guilty of unauthorized reproduction or possession of any document or official paper in violation of Class B offense 230. The respondent filed a response on December 7, 2006 and Mr. Holland filed his traverse on January 9, 2007.

Mr. Holland attempts to raise four grounds in this challenge: 1) the charges do not support the evidence and were therefore a new set of circumstances; 2) the punishment was above the maximum allowed under the Adult Disciplinary Procedures ("ADP"); 3) there was insufficient evidence; and 4) the CAB changed the sanction after the hearing which resulted in the sanction being above the maximum allowed under the ADP.  The respondent asserts that Mr. Holland did not raise issues one, two, or four to the Facility Head, and therefore, has not exhausted his remedies with regards to these issues. However,

pursuant to 28 U.S.C. § 2254(b)(2), "an application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Whether or not Mr. Holland exhausted his remedies is irrelevant because his arguments are without merit.

First, Mr. Holland asserts that the charges do not support the evidence and that the CAB utilized a new set of circumstances, rendering him unable to prepare his defense. Mr. Holland contends that a Class B 230 violation suggests that something is reproduced, altered, forged, or counterfeited and that he provided a defense based upon these circumstances. Mr. Holland admits that he was in possession of the test answers, but alleges that mere possession of the answers does not fit the charge for which he was convicted. Under *Wolff*, written notice of the charges must be given to the petitioner "in order to inform him of the charges and enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539 (1974).

On April 18, 2006, Mr. Holland received a conduct report which stated

> On the above date and time [April 13, 2006], during a shakedown of Offender Holland, Roger #850311 personal property box, Holland was in possession of test answers, discovered inside a folder in Offender Holland assigned property box.

(Respondent's Resp., Exh. A., docket # 10-2). The conduct report notifies Mr. Holland that he was being charged with possession of the test answers in violation of B 230. On April 18, 2006, Mr. Holland received a screening report which indicated that he was being charged with a violation of B 230. (Respondent's Resp., Exh. D, docket # 10-5). A Class B 230 offense includes "counterfeiting, forging, or unauthorized reproduction or possession

of any document, article, identification, money, pass, security or official paper." (Respondent's Resp., Exh. M., docket # 10-14). The act of possessing any document is included in the offense that Mr. Holland was screened for. Therefore, because Mr. Holland was provided written notification that he was being charged with possession of the test answers, and because offense B 230 includes possession, Mr. Holland had sufficient notice of the charges against him. While Mr. Holland focused his defense on the counterfeiting, forging, or reproduction aspect of the offense, the offense Mr. Holland was screened for included the act of possession and Mr. Holland had sufficient notice of the charges to prepare his defense. The CAB did not change the nature of the offense and thus, no due process violation occurred.

In his second challenge, Mr. Holland asserts that the sanction he received was above the maximum allowed by the ADP. Mr. Holland asserts that the maximum deprivation he could receive under the ADP was 180 days, yet he was deprived of 298 days. This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Next, Mr. Holland argues that there was insufficient evidence to find him guilty of the offense because there was no evidence that he utilized the answer sheet. In this habeas corpus petition Mr. Holland is challenging hearing WCC 06-04-0372. In that hearing, the CAB found Mr. Holland guilty of possession of test answers. Mr. Holland was not charged with, nor did the CAB take evidence on the issue of whether or not Mr. Holland used the

answers on the test. Therefore, whether or not there was evidence that he used the answers on the test is not relevant to the proceeding before this court because the CAB did not find him guilty of that offense. The only matter at issue in this habeas proceeding is whether there was sufficient evidence to support the charge of possession of any document. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested

an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the CAB relied upon the report of conduct and Mr. Holland's statement. (Respondent's Resp., Exh. G, docket # 10-8). The report of conduct states that the test answers were found in Mr. Holland's property box. In addition, Mr. Holland admitted that the answers were found in his box. This is some evidence to support the Board's finding that Mr. Holland was guilty of possessing the test answers.

Finally, Mr. Holland contends that the CAB changed his sanction after he left the hearing. Mr. Holland asserts that his original sanction only deprived him of 180 days good time. However, Mr. Holland alleges that he was later deprived of a previously earned good time credit for "thinking for a chance". As a result of finding Mr. Holland guilty of possession of the test answers, the CAB took 118 days good time credit and gave a suspended sentence of a demotion in credit class I to credit class II, pending no class A or B conduct violations for six months. (Respondent's Resp., Exh. G, docket # 10-8). Mr. Holland did not receive any class A or B conduct violations for six months, and thus, the demotion in credit class was never implemented. (Respondent's Resp., Exhs. N-0, docket # 10-15, 10-16). Therefore, the only liberty interest Mr. Holland lost as a result of WCC 06-04-0372 was the loss of 118 days of good time credit, which the CAB indicated on the report of the disciplinary hearing. There was no due process violation in imposing this sanction, nor has Mr. Holland proven, or provided sufficient evidence to raise a question as to whether the CAB changed the original sanction resulting from WCC 06-04-0372.

It appears that Mr. Holland may be attempting to argue that some other credit that

he had previously earned was taken away after the hearing that he is now challenging in this petition. If another credit that Mr. Holland had previously earned was taken away, Mr. Holland may have been entitled to a hearing before that deprivation. However, neither that sanction and/or that issue is before the court in this habeas corpus proceeding. The only issue before the court is the WCC 06-04-0372 hearing. Pursuant to that hearing, Mr. Holland was not deprived of 180 days of a previously earned credit. Mr. Holland only lost 118 days of good time as a result of WCC 06-04-0372. If Mr. Holland wishes to challenge another liberty loss, he may file a separate habeas corpus petition after he has exhausted his administrative remedies. With regards to WCC 06-04-0372, there was no due process error.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED** and Mr. Holland's motion to stay (docket #8) is **DENIED AS MOOT**.

SO ORDERED.

ENTERED: April 10, 2007

s/James T. Moody
James T. Moody, Judge
United States District Court
